# Matter of C-I-R-H- & H-S-V-R-, Respondents

*Decided by Board May 23, 2025*[1]

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

While explicit statements from the persecutors regarding the protected ground are not required to establish nexus, there must be some showing of a connection between the persecutors' actions and the protected ground beyond speculation such that the alleged harm is not solely stemming from statistical likelihoods or unfortunate coincidence.

FOR THE RESPONDENT: Luis A. Gonzalez, Falls Church, Virginia

FOR THE DEPARTMENT OF HOMELAND SECURITY: Matthew E. Sweet, Assistant Chief Counsel

BEFORE: Board Panel: MALPHRUS, Chief Appellate Immigration Judge, MULLANE and CREPPY, Appellate Immigration Judges.

MALPHRUS, Chief Appellate Immigration Judge:

On December 30, 2021, we remanded the record to the Immigration Judge for additional fact finding and analysis. The Department of Homeland Security ("DHS") now appeals from the March 24, 2022, decision of the Immigration Judge granting the respondent's application for asylum under section 208(b)(1)(A) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158(b)(1)(A) (2018).[2] The respondents, natives and citizens of Honduras, oppose the appeal. The appeal will be sustained, and the record will be remanded.

The respondent testified that, among other things, multiple male relatives on her mother's side of the family were killed between 2011 and 2018. The Immigration Judge found the respondent had not established past persecution but had shown a well-founded fear of future persecution on account of her

---

[1] Pursuant to Order No. 6306-2025, dated June 25, 2025, the Attorney General designated the Board's decision in *Matter of C-I-R-H- & H-S-V-R-* (BIA May 23, 2025), as precedent in all proceedings involving the same issue or issues. *See* 8 C.F.R. § 1003.1(g)(3) (2025). Editorial changes have been made consistent with the designation of the case as a precedent.

[2] The respondents are a mother and her minor daughter. The minor child has not filed a Form I-589 and only seeks asylum as a derivative beneficiary on her mother's application. All references to "the respondent" refer to the adult respondent.

membership in a particular social group characterized as "family relationship with her mother" and that Honduran authorities were unable or unwilling to control the persecutors. The Immigration Judge granted the respondent's application for asylum.

On appeal, DHS argues the Immigration Judge erred as a matter of fact and law in his findings and analyses regarding the objective reasonableness of the respondent's fear of future persecution, her ability to relocate internally within Honduras, the existence of a nexus between the harm feared and a cognizable protected ground, and the Honduran government's inability or unwillingness to control the perpetrators. We review the Immigration Judge's factual findings for clear error, but his legal determinations de novo. *See* 8 C.F.R. § 1003.1(d)(3)(i), (ii) (2025).

We will sustain the appeal and vacate the March 24, 2022, decision on the basis that it includes factual findings that are not supported by record evidence and errors of law with respect to nexus. A respondent seeking asylum must establish that the harm suffered or feared is persecution "on account of" a protected ground. INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A) (2018); *accord Alvarez Lagos v. Barr*, 927 F.3d 236, 245 (4th Cir. 2019). To satisfy the nexus requirement, the respondent must show that the applicable protected ground was or would be "at least one central reason" for the persecution. *Crespin-Valladares v. Holder*, 632 F.3d 117, 127 (4th Cir. 2011) (quoting INA § 208(b)(1)(B)(i), 8 U.S.C. § 1158(b)(1)(B)(i)).

Here, the Immigration Judge acknowledged the respondent's testimony that no one knew who killed her family members or why but cited to cases from the United States Court of Appeals for the Fourth Circuit, in whose jurisdiction this case arises, to conclude a showing of motive is not required to satisfy the element of nexus. However, these cases do not support the Immigration Judge's conclusion. In *Hernandez-Cartagena v. Barr*, 977 F.3d 316, 321–23 (4th Cir. 2020), the Fourth Circuit faulted the Immigration Judge and this Board for not addressing statements made by the perpetrators in which they repeatedly referenced the petitioner's parents then ultimately determined that the petitioner had shown a nexus between her family and the harm alleged. Similarly, in *Perez Vasquez v. Garland*, 4 F.4th 213, 226–27 (4th Cir. 2021), the Fourth Circuit noted that the respondent did not know why she was targeted but also found nexus was established given that the "unrebutted evidence demonstrate[d] that the gang leveraged Petitioner's familial relationship to her husband, as well as their familial relationships to their daughter, to incentivize payment." In both cases, the Fourth Circuit referred to unrebutted record evidence showing a connection between the

family-based particular social group and the perpetrators' persecution, such as statements from the persecutors.

While we agree that explicit statements from the persecutors regarding the protected ground are not required, there must be some showing of a connection beyond speculation such that the alleged harm is not solely stemming from statistical likelihoods or unfortunate coincidence. *See Matter of L-E-A-*, 27 I&N Dec. 40, 45 (BIA 2017) (explaining "nexus is not established simply because a particular social group of family members exists and the family members experience harm"). Such a showing comports with the definition of nexus as contemplated in the INA. As the Supreme Court of the United States has explained, we do not require direct proof of the persecutors' motives to satisfy the nexus requirement. *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992). "But since the statute makes motive critical, [a respondent] must provide *some* evidence of it, direct or circumstantial." *Id.* Thus, the Immigration Judge erred in concluding that a showing of nexus does not require indicia of persecutory motive.

While it is regrettable that so many of the respondent's relatives have been killed, the respondent acknowledged that she and her family do not know whether it was the same perpetrators who killed the many deceased relatives. She did not testify about any direct threats to her or her family; instead, she testified that in 2013, a neighbor commented that there was a rumor going around the village that the family was going to be killed. Here, there is an absence of any showing of a connection between the various killings and an apparent motive for any of the killings. In addition, the perpetrators are unknown parties who have never directly or indirectly communicated with the respondent or anyone else in the family or referred to the family in relation to the murders. Thus, the facts are too speculative and too tenuously connected to constitute even circumstantial evidence that could underpin a determination that nexus has been established.[3] The record does not demonstrate that persecutory motive exists in this case, as the facts do not indicate—without speculation—that the harm was perpetrated on account of a protected ground. Based on the foregoing, we reverse the Immigration Judge's finding that nexus has been established in this case.

We decline to address the other issues raised on appeal. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts

---

[3]  Also, as the Immigration Judge found, and DHS notes on appeal, only male members of the family have been killed. Even if persecutory motive were shown, the record evidence is insufficient to show nexus to anyone beyond a male subset of the proposed group.

and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). The respondent has not established eligibility for asylum or withholding of removal. *Mirisawo v. Holder*, 599 F.3d 391, 396 (4th Cir. 2010) (explaining applicants who cannot satisfy asylum burden cannot satisfy higher standard for withholding of removal). We thus reverse the grant of asylum.

We will remand the record for the Immigration Judge to consider the respondent's application for protection under the regulations implementing the Convention Against Torture[4] in the first instance. The parties may update the record. In remanding this record, we express no opinion as to the ultimate outcome of these proceedings. *See Matter of L-O-G-*, 21 I&N Dec. 413, 422 (BIA 1996). Accordingly, the following orders will be entered.

**ORDER:** DHS' appeal is sustained, and the decision of the Immigration Judge dated March 24, 2022, granting the respondents asylum is vacated.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing order and for the entry of a new decision.

---

[4] The Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100-20, 1465 U.N.T.S. 85 (entered into force for United States on Nov. 20, 1994).